UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
WILSON X. VINTIMILLA RENGEL,

                Petitioner,

      v.

RAUL MALDONADO, JR., *et al.*,

                Respondents.
----------------------------------------------------------------x

**<ins>MEMORANDUM AND ORDER</ins>**
26-CV-04173 (OEM)

ORELIA E. MERCHANT, United States District Judge:

      On July 13, 2026, Petitioner Wilson X. Vintimilla Rengel ("Petitioner"), through his next

friend[1] Alexandra Gonzalez ("Gonzalez"), filed a petition for a writ of habeas corpus against

Respondents Raul Maldonado, Jr., in his official capacity as Warden of the Brooklyn Metropolitan

Detention Center ("MDC Brooklyn"); William Joyce, in his official capacity as the acting New

York Field Office Director of U.S. Immigration and Customs Enforcement ("ICE"); Marcos

Charles, in his official capacity as acting Executive Associate Director of Enforcement and

---

[1] A "next friend" may appear in a habeas corpus action to "pursue[] the cause on behalf of the detained person." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990); *see Iza ex rel. Iza v. Larocco*, 814 F. Supp. 3d 357, 370 (E.D.N.Y. 2026). To establish next friend standing, a next friend must (1) adequately explain "why the party in interest cannot appear on his own behalf to prosecute the action," such as "inaccessibility, mental incompetence, or other disability," and (2) "be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate." *Doe v. Hochul*, 139 F.4th 165, 177 (2d Cir. 2025) (quoting *Whitmore*, 495 U.S. at 163). Here, Petitioner has been unable to prosecute the action on his own behalf as the Petition alleges that his detention limits his access to counsel or non-profit organizations. Pet. ¶ 27; *see Iza*, 814 F. Supp. 3d at 370 (concluding that the next friend sufficiently demonstrated that the courts were inaccessible to the petitioner where he did not have access to a law library, access to counsel, or the ability to prepare a petition); *Villa ex rel. Villa v. Warden, Broome Cnty. Corr. Faciliy*, 9:26-cv-00397 (BKS). 2026 WL 925828, at *3 (N.D.N.Y. Apr. 6, 2026) (concluding the next friend sufficiently demonstrated that the courts were inaccessible where the next friend stated that the petitioner did not have access to an interpreter, law library, or resources with which to communicate with the court). Additionally, Gonzalez appears truly dedicated to Petitioner's best interests as demonstrated by her significant relationship to Petitioner as his partner of 25 years, Pet. ¶ 7, and her conduct by filing the Petition, *see Ndoye v. Joyce*, 26-CV-8856 (VSB), 2026 WL 306387, at *1 n.2 (S.D.N.Y. Feb. 5, 2026) (finding that the petitioner's wife acted in his best interest based on her significant relationship to the petitioner and her conduct to date). Respondents make no opposition to Gonzalez's status as Petitioner's next friend. *See generally* Letter from Respondents to the Court (July 16, 2026), Dkt. 7 ("Return").

Removal Operations; David J. Venturella,[2] in his official capacity as acting Director of ICE; Markwayne Mullin, in his official capacity as the Secretary of the U.S. Department of Homeland Security ("DHS"); and Todd Blanche, in his official capacity as acting Attorney General of the United States. *See generally* Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Dkt. 1 ("Petition" or "Pet."). Petitioner seeks his immediate release and challenges the lawfulness of his ongoing detention by ICE under the Immigration and Nationality Act ("INA"), the Fifth Amendment of the U.S. Constitution ("Fifth Amendment"), the First Amendment of the U.S. Constitution ("First Amendment"), and the Administrative Procedure Act ("APA"). *See id.* ¶¶ 61-82.

## BACKGROUND

Petitioner is a "citizen and national of Ecuador." *Id.* ¶ 19. He has lived in the United States since 2004. *Id.* On July 1, 2026, ICE Enforcement and Removal Operations ("ERO") conducted an enforcement operation in Bronx, New York to arrest an unrelated noncitizen subject. Declaration of Jasiah Montgomery ¶ 3, Dkt. 7-1 ("Montgomery Decl."). ICE officers observed Petitioner exit the intended target's neighbor's address. *Id.* ICE officers approached him and "engaged in a consensual conversation to obtain information on the intended target and what, if any, information the Petitioner had" regarding the intended target. *Id.* ICE officers asked Petitioner for his name and identification, and he provided a New York State Driver's License and his Ecuador passport," at which time ICE determined "there was probable cause to believe the Petitioner [was] removable based on his statements in the field and records checks." *Id.* ICE officer Jasiah Montgomery "prepared a Form I-200, Warrant for Arrest of Alien ('I-200')" and ICE officers arrested Petitioner and transported him to 26 Federal Plaza, New York for processing.

---

[2] Current acting Director of ICE, David J. Venturella, is automatically substituted for Todd Lyons pursuant to Federal Rule of Civil Procedure 25(d).

*Id.*  On the same day, "ICE issued and served on Petitioner a Form I-862, Notice to Appear ('NTA')" to commence removal proceedings and thereby charged "Petitioner as inadmissible pursuant to INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other then as designated by the Attorney General." *Id.* ¶ 4.  ICE further "determined that Petitioner was subject to discretionary detention under INA § 236(a), 8 U.S.C. § 1226(a), and provided Petitioner with an individualized custody determination under INA § 236(a) 8 U.S.C. § 1226(a)." *Id.* ¶ 5.  Specifically, ICE concluded that Petitioner was a flight risk.  *Id.*  Contemporaneously, ICE completed a worksheet pursuant to the so-ordered settlement of the class action in *Velesaca v. Decker*, 20-cv-1803 (S.D.N.Y.), documenting the individualized custody determination.  *Id.*  ICE served the I-200 on Petitioner.  *Id.* ¶ 6.

On July 2, 2026, Petitioner was transferred to "Delaney Hall Detention Center in Newark, New Jersey, [("Delaney Hall")] where he remains detained." *Id.* ¶ 7.  Respondents contend that Petitioner "has never been detained by ICE in the Eastern District of New York."  Declaration of Acting Supervisory Detention and Deportation Officer Rafiq Munir ¶ 5, Dkt. 7-7 ("Munir Decl.").  Petitioner, through Gonzalez, contends that he is held at MDC Brooklyn, citing to ICE's public database for locating detainees.  Pet. ¶ 18; Pet. at 15.[3]  Respondents explain that

> ICE's public facing detainee locator may have briefly listed Petitioner as located at [MDC Brooklyn] because the bed space at [Delaney Hall] had been intended to be temporary and the Petitioner was scheduled for a transfer to [MDC Brooklyn] for long term housing.  ICE's systems were updated to reflect the impending transfer, however, prior to the transfer date, Petitioner filed a habeas claim in the District of New Jersey.

Munir Decl. ¶ 6.  As a result, his transfer to MDC Brooklyn was cancelled after the New Jersey District Court ordered that Petitioner not be moved out of New Jersey.  *Id.*

---

[3] Citations to page numbers in the Petition refer to the page numbers in the automatically generated ECF heading.

On July 6, 2026, ICE filed the NTA with the Executive Office for Immigration Review, thereby commencing removal proceedings against Petitioner. Montgomery Decl. ¶ 8. "Petitioner requested review of his initial custody determination and ICE is in the process of facilitating a bond hearing." *Id.* ¶ 9.

On July 3, 2026, Petitioner filed a petition for a writ of habeas corpus in the United States District Court for the District of New Jersey ("District of New Jersey") in *Vintimilla Rengel v. Lyons*, 26-cv-08225-ZNQ (D.N.J.) ("*Rengel I*"). Letter from Respondents to the Court (dated July 16, 2026) at 3, Dkt. 7 ("Return"); Exhibit 3, Dkt. 7-8 ("*Rengel I* Petition" or "*Rengel I* Pet."). The *Rengel I* petition challenges Petitioner's July 1, 2026, arrest and detention as a violation of the Fifth Amendment, First Amendment, INA, and 8 U.S.C. § 1357(A)(2) for a warrantless arrest without probable cause, thereby making a claim for "release on bail pending adjudication." *Rengel I* Pet. ¶¶ 61-82; *see* Return at 3. There, the court directed, *inter alia*, that "[t]he Government shall not transfer Petitioner out of Delaney Hall until this matter concludes" and that the respondents respond to the *Rengel I* Petition. *See Rengel I* Order, dated July 7, 2026. The respondents there filed their response on July 10, 2026. *Rengel I* Letter from Respondents with Answer to Petition, Dkt. 10. The District of New Jersey has not yet ruled on the *Rengel I* Petition. *See Rengel I.*

## DISCUSSION

Respondents argue that "the Court cannot grant the relief sought by Petitioner because he was not detained in this District at the time the Petition was filed on July 13, 2026." Return at 3. Respondents further argue that "this action should be denied as an abuse of the writ." *Id.* at 5.

"Generally, '[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States,' he must file the petition in the district of confinement and name his immediate custodian as the respondent." *Ozturk v. Hyde*, 136 F.4th 382, 390 (2d Cir. 2025)

(quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004)); *see also Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (per curiam). When a court finds that it lacks jurisdiction over a civil matter, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631.

Additionally, the abuse of the writ doctrine holds that "a court need not entertain a petition that abuses the habeas process." *Esposito v. Ashcroft*, 392 F.3d 549, 550 (2d Cir. 2004); *see Cardona v. Taylor*, 1:17-cv-320-GHW, 2017 WL 1291996, at *2 (S.D.N.Y. Apr. 3, 2017) (applying the abuse of the writ doctrine within the context of immigration detention). Accordingly, "a second petition may be abusive if the petitioner raises new claims that he could have asserted in his prior petition, or repeats a previously asserted claim." *Cardona*, 2017 WL 1291996, at *2 (citing *Esposito*, 392 F.3d at 550). Where a petitioner brings the same claims, he or she must show cause for cause doing so, "for instance, by showing the 'the discovery of new facts or an intervening change in the law.'" *Id.* (quoting *Agoro v. United States*, 11 Civ. 1818 (SAS), 2011 WL 1330771, at *3 (S.D.N.Y. Apr. 4, 2011)). Where a petitioner raises claims that he or she could have raised in the first petition, he or she must "show cause for failing to raise [the claims] and prejudice therefrom." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991); *see id.* at 493 (holding that a petitioner must show that some "'objective factor external to the defense impeded counsel's efforts' to raise the claim" in the initial petition (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986))). "If [a] petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *Id.* at 494-95.

Here, Petitioner asserts that he is detained at MDC Brooklyn, Pet. ¶ 18, while Respondents assert that he is detained at Delaney Hall, including at the time the Petition was filed, *see* Montgomery Decl. ¶ 7; Munir Decl. ¶ 6. Petitioner relies on a screenshot from the ICE public database for locating detainees for his assertion. *See* Pet. at 15. While the ICE database may have reflected that Petitioner was located at MDC Brooklyn, his transfer to MDC Brooklyn was cancelled after the District of New Jersey ruled that he not be transferred upon his filing of the *Rengel I* Petition, and he has never been detained at MDC Brooklyn. *See* Munir Decl. ¶¶ 5-6; *Rengel I* Order, dated July 7, 2026. Thus, Petitioner was detained in Delaney Hall at the time he filed the instant Petition, and the District of New Jersey is the only district in which the petition could have been brought at that time. Accordingly, the Court lacks jurisdiction over this action. *See Ozturk*, 136 F.4th at 391.

Furthermore, it is not in the interests of justice to transfer this action or entertain the claims raised in the instant Petition. *Rengel I* challenges Petitioner's July 1, 2026, arrest and detention and raises identical claims to those raised in the instant Petition. *Compare Rengel I* Pet. ¶¶ 61-82, *with* Pet. ¶¶ 61-82. However, the instant Petition does not mention *Rengel I* and does not raise any new factual developments or intervening changes in the law that warrants the filing of a successive habeas petition, particularly while the *Rengel I* Petition remains *sub judice. See generally* Pet. Thus, there is no miscarriage of justice or prejudice that would result from this Court declining to entertain the instant claims. *See Kumar v. Maldonado*, 26-CV-3516 (OEM), 2026 WL 1802984, at *3 (E.D.N.Y. June 23, 2026) (denying a habeas petition for abuse of the writ where the petitioner asserted the same claims in the second petition and failed to identify any new factual developments or changes in the law). Accordingly, the Court need not transfer this action, and it need not rule on the instant Petition, as there is already a pending action in the District of New Jersey.

**CONCLUSION**

For the foregoing reasons, the action is dismissed due to a lack of jurisdiction. The Clerk

of Court is respectfully directed to enter judgment in accordance with this Memorandum and Order

and close this case.

SO ORDERED.

_/s/_

ORELIA E. MERCHANT
United States District Judge

July 17, 2026
Brooklyn, New York